IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO OROZCO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:20-cv-1223 |
| | § | |
| INFOSYS LTD. | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE**:

Plaintiff Alberto Orozco files this Original Complaint, complaining of and about Defendant Infosys, Ltd. ("Infosys"), and will respectfully show onto the Court as follows:

## I. PARTIES

1. Plaintiff Alberto Orozco is an individual residing in Harris County, Texas.

2. Defendant Infosys is a foreign for-profit multinational corporation formed in India with its headquarters in Bangalore, Karnataka, which has an office located in Houston Texas, and may be served with summons in this matter through its registered agent CT Corporation at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely the Americans with Disabilities Act of 1990, ("ADA")

42 USC §§ 12102 et seq., and the Texas Commission on Human Rights Act ("TCHRA"), as Defendant discriminated against Plaintiff based on his disability.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act of 1967, 29 USC §6101.

5. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state law claims that arise under the TCHRA, codified in Chapter 21 of the Texas Labor Code. TEX. LAB. CODE § 21.001 *et seq*., because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, under Article 3 of the United States Constitution.

6. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### III. NATURE OF THE ACTION

7. This action is brought pursuant to ADA, ADEA, and TCHRA. Plaintiff was discriminated against on the basis of his age and disability. This action seeks to recover damages caused to Plaintiff by Defendant's unlawful and discriminatory employment practices, including damages caused by Infosys.

8. This is also an action to correct and recover for Defendant's TCHRA violations. Specifically, Plaintiff complains that Defendant discriminated against him based on his age and disability or the perception of disability. *See* Texas Labor Case § 21.001 et seq.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On July 8, 2019, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on disability and retaliation (Charge No. 460-2019-04084).

10. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated January 9, 2020. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore, this lawsuit is timely filed.

## V.  FACTS

11. Plaintiff began his employment as an IT Engineer at Infosys on October 16, 2017.

12. Plaintiff has two master's degrees in chemical engineering and computer science. Plaintiff has a background in working with major engineering companies and operating state refineries as a Chemical Engineer as well as Control Systems Engineer. Despite Plaintiff's qualifications and beyond satisfactory job performance, Plaintiff was wrongfully terminated on March 8, 2019.

13. Plaintiff was the only person of his age working at the Infosys office, consisting of approximately twenty people. Defendant replaced Plaintiff with a much younger employee and used the pretext of a false harassment allegation as justification.

### A. ADA DISABILITY DISCRIMINATION

14. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

15. Plaintiff hereby asserts that Infosys termination of his employment was in direct violation of the ADA and concurrent Texas law.

16. Plaintiff alleges that he is actually disabled, as defined under the ADA and concurrent Texas law. His evaluations and prescribed medicine reveal that he is protected by the ADA.

17. Plaintiff alleges, in the alternative, that Defendant improperly regarded him as disabled, as defined by the ADA and concurrent Texas Law, insofar as the same misconceptions of disability and individuals who have a mental illness or impairment. Despite his diagnosis, the plaintiff completed his work and was a good employee.

18. Plaintiff specifically pleads his right to recover punitive damages from the Defendant under the ADA as Defendant acted with intentional and callous disregard for Plaintiff's federally protected rights. Plaintiff was discriminated against because of his ADA status during his period of employment.

### B. TCHRA DISABILITY DISCRIMINATION

19. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20. Defendant's conduct constitutes violations of Chapter 21, of the Texas Labor Code (the TCHRA). *See* Tex. Lab. Code §21.001 *et seq.* Specifically, Defendant has discriminated against Plaintiff because of his disabilities in violation of §§ 21.051 and 21.055 of the Texas Labor Code, which states in relevant part that:

> [a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age, the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

21. Plaintiff's rights were violated when he lost promotional and career opportunities based on his disability.

### C. ADEA AGE DISCRIMINATION

22. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

23. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age, seventy-eight (78) years old.

24. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's age, seventy-eight (78) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

### C. TCHRA AGE DISCRIMINATION

25. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age, seventy-eight (78) years old.

27. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's age, seventy-eight (78) years old, in violation of Texas Labor Code § 21.051.

### VII.  JURY DEMAND

28.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## VIII. PRAYER

29.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Compensatory damages, including, but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Costs of Court; and

   i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



*Plaintiff's Original Complaint*

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
S.D. ID 713316
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**CO-COUNSEL FOR PLAINTIFF:**



Kevin T. Kennedy
Texas Bar No. 24009053
Southern District No. 305324
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
kevin.kennedy@kennardlaw.com

7

*Plaintiff's Original Complaint*