IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO OROZCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-1223 |
| | § | |
| INFOSYS LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION**

Alberto Orozco worked for Infosys, an information technology company, from October 2017, when he was 74, until he was fired in March 2019, when he was 76. (Docket Entry No. 1 ¶¶11, 12, Docket Entry No. 27 at 4). Orozco was fired after a coworker complained to human resources that Orozco kissed her, tried to kiss the top of her breasts, and put his mouth on her breast. (Docket Entry No. 27 at 4). Orozco argues that Infosys discriminated against him based on his age and his disability, primarily a heart condition. (Docket Entry No. 1 ¶ 7). He asserts claims under the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Age Discrimination in Employment Act. (*Id.*)

Infosys moved for summary judgment, Orozco responded, and Infosys replied. (Docket Entry Nos. 27, 28, 29). Based on a careful review of the pleadings, the motions, response, reply, the record, and the applicable law, the court grants Infosys's summary judgment motion. The reasons are set out below.

I.      **The Summary Judgment Record**

The relevant facts are largely undisputed. Orozco was hired by Infosys in October 2017 to work in the Houston, Texas, office. (Docket Entry No. 27 at 4). In January 2019, a female coworker, Jane Doe, reported to her immediate manager, and then to human resources, that Orozco sexually harassed and assaulted her by entering her cubicle and kissing her mouth, trying to kiss her breasts, and putting his mouth on her breast. (*Id.*).

Tracy Campagnano, an Infosys employee based in Phoenix, Arizona, investigated Doe's complaint. (Docket Entry No. 27-2 (Campagnano declaration)). As part of the investigation, Campagnano interviewed Orozco, Doe, and witnesses, and reviewed text messages and emails that Doe claimed to have received from Orozco. (*Id.*). Orozco did not initially respond to mandatory interview requests, a violation of Infosys's code of conduct. (*Id.* at ¶ 8, 43–44).

The text messages and emails, which Orozco claims were fabricated, (Docket Entry No. 28 at 8; Docket Entry No. 28-1 at 82:8-17), show that Orozco repeatedly contacted Doe after the encounter and asked for forgiveness. (Docket Entry No. 27-2). Doe contacted human resources several times to report the communications as unwelcome. (*See, e.g.*, *id.* at 16).

Based on the results of the investigation, Infosys fired Orozco in March 2019 for violating Infosys's code of conduct. (*Id.* at 52 (termination letter)). Orozco then emailed Doe asking her to contact human resources to seek a reversal of the decision to terminate him. (Docket Entry No. 28-4 (Orozco's Exhibit D)). Doe continued to contact human resources asking for help ending this and other unwanted communications that she said Orozco continued to send. (*Id.* at 54–59).

In May 2019, Orozco filed a complaint with the Equal Employment Opportunity Commission, claiming that he was terminated based on his age, disability status, and etnicity.

(Docket Entry No. 27-1 at 26–27). The EEOC Enforcement Supervisor determined that Orozco failed to show any discrimination. (Docket Entry No. 27-1 at 50). This lawsuit followed.

## II. The Legal Standards

### A. Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.,* 709 F. App'x 287, 288 (5th Cir. 2018) (per curiam) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters. Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 335 (5th Cir. 2017) (per curiam). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's

response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Parish Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted).

In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651, (2014) (per curiam)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B.     Disability Discrimination

The ADA prohibits employers from discriminating "on the basis of disability in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112.  When a plaintiff attempts to prove discrimination through indirect or circumstantial evidence, the claims are considered under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009) (citing *McInnis v.*

*Alamo Comm. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000)). Under the *McDonnell Douglas* approach, the plaintiff has the initial burden of making a prima facie showing of discrimination. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). An ADA plaintiff must show that (1) he is disabled, has a record of having a disability, or is regarded as disabled, (2) he is qualified for his job, and (3) ) he was subjected to an adverse employment action on account of his disability or the perception of his disability, and (d) he was replaced by or treated less favorably than non-disabled employees. *Burton v. Freescale Semiconductor, Inc*., 798 F.3d 222, 230 (5th Cir. 2015) (quotation omitted). In cases involving alleged work-rule violations, plaintiffs "may establish a prima facie case by showing 'either that [they] did not violate the rule or that, if [they] did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (quoting *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.1980)); *see also Greene v. Potter*, 240 Fed. App'x. 657, 660 (5th Cir. 2007) (per curiam); *Meinelt v. P.F. Chang's China Bistro, Inc*., 787 F. Supp. 2d 643, 650 (S.D. Tex. 2011).

If a plaintiff makes a prima facie showing, the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the adverse employment decision. *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006). If a defendant proffers this reason, the presumption of discrimination dissolves, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000); *Chevron*, 570 F.3d at 615, 615 n.6, and the plaintiff must then identify or offer evidence to create a fact issue "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic

(mixed-motives alternative)." *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004) (quotation and alteration omitted).

In discriminatory discipline cases, it is not enough that the employer was wrong about the underlying facts that motivated the adverse employment action. The question is whether the employer had a good-faith belief that the facts motivating the adverse action were true. *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010). A denial of wrongdoing is not enough to survive summary judgment; the plaintiff must put forward evidence sufficient to create a factual dispute as to whether the employer reasonably believed that the allegations were true. *Id.*; *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 n.4 (5th Cir. 2012). The plaintiff has the ultimate burden of showing a genuine factual dispute material to determining whether the defendant discriminated against him on the basis of the plaintiff's membership in the protected class. *Reeves*, 530 U.S. at 143.

### C. Age Discrimination

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see Reeves*, 530 U.S. at 141. An employee who is at least 40 years old cannot be subjected to an adverse employment action because of the employee's age. 29 U.S.C. § 631(a); *see Rutland v. Moore*, 54 F.3d 226, 228 (5th Cir. 1995). The prima facie elements of an ADEA claim are that the plaintiff: (1) is within the protected class; (2) is qualified for the position; (3) suffered an adverse employment decision; and (4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013) (citing *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003));

*see also Garcia v. Communities in Sch. of Brazoria Cty., Inc.*, 2019 WL 2420079, at *4 (S.D. Tex. June 10, 2019).

Similarly, under the Texas Commission on Human Rights Act, "an employer commits an unlawful employment practice if because of . . . age the employer fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." *Maestas v. Apple, Inc.,* 546 Fed. App'x. 422, 424–25 (5th Cir. 2013) (quoting Tex. Labor Code § 21.051). The plaintiff must make the same prima facie showing as under the ADEA, that he: "(1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class when the adverse action occurred; and (4) was replaced by someone younger or outside the protected class, treated less favorably than a similarly situated younger employee, or otherwise discharged because of... age." *Id.* at 425–26; *see also Khalil v. Mem'l Hermann Health Sys.*, 2017 WL 5068157, at *5 (S.D. Tex. Oct. 30, 2017).

When a plaintiff relies on circumstantial evidence to prove employment discrimination, courts apply the *McDonnell Douglas* burden-shifting framework. *Reed*, 701 F.3d at 439. But, "[i]mportantly, the TCHRA and the ADEA involve a different causation inquiry at the third stage of the *McDonnell Douglas* analysis." *Id.* at 440. Under the ADEA, "a plaintiff must prove that age was the 'but for' cause of the adverse employment action, while the TCHRA requires only that the plaintiff show that age was a "motivating factor" in the employer's decision. *Id.* (quotations and citations omitted). As in ADA cases, when there is a work-rule violation, a bare denial of wrongdoing is insufficient to survive summary judgment; the issue is whether the employee reasonably believed the allegation and acted in good faith. *Id.* at 440 n.4.

**III.     Analysis**

   **A.     The Disability Discrimination Claim**

Orozco claims that Infosys terminated him because of a disability. Infosys does not appear to dispute that Orozco has satisfied one prong of the prima facie showing: he was qualified for his job at Infosys. But Infosys argues that Orozco has not presented evidence that he was disabled during his employment with Infosys and therefore cannot show that he was fired because of a disability. (Docket Entry No. 27 at 16).

The only evidence in the record of Orozco's alleged disability are two doctor's notes dated in February 2020, approximately a year after Orozco was fired. (Docket Entry Nos. 28-2, 28-3). The notes state that he has limited work and physical capacity because of heart ablations, asthma, type 2 diabetes, dyslipidemia, arrythmia, an enlarged prostate gland, and lumbar degenerative disc disease. (*Id.*). Orozco asserts that he submitted those notes "in his attempts to regain employment" with Infosys, but that is not relevant to whether, when Infosys terminated him a year earlier, it was based on his disability. (Docket Entry No. 28 at 11.).

Orozco also asserts that Tracy Campagnano, who was in charge of investigating his coworker's complaint, discriminated against him based on his disability by "conducting a sham investigation against him." (*Id.*). Campagnano is based in the Phoenix, Arizona Infosys office. (Docket Entry No. 27-2 ¶ 2). She never met Orozco in person, communicating with him by phone and email. (*See id.* at 21). Orozco has not pointed to any evidence that Campagnano was aware of any disability or regarded him as disabled.

Nor has Orozco created a factual dispute material to whether he was terminated for a legitimate, nondiscriminatory reason. Ample summary judgment evidence shows that Infosys terminated Orozco after conducting a detailed investigation into his alleged misconduct, and based

on its reasonable conclusion that Orozco violated its policies by sexually harassing his coworker and then trying to undermine the investigation.

Orozco's conclusory allegations about discrimination are not enough. *See Lamb*, 914 F.3d at 946 ("A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (quotation omitted)). Orozco has not raised a factual dispute material to his disability discrimination claim. Summary judgment for Infosys is granted on this claim.

### B. The Age Discrimination Claims

Orozco's age discrimination claims are equally unpersuasive. Infosys does not appear to dispute that Orozco met the first requirements for a prima facie showing. (*See* Docket Entry No.27 at 20–22). The summary judgment record shows that Infosys terminated Orozco for a legitimate, nondiscriminatory reason. Ample evidence supports Infosys's conclusion that Orozco sexually harassed a coworker, refused to cooperate with the investigation, and continued to send unwelcome messages to the coworker he was fired for harassing. Orozco has not pointed to evidence showing that age discrimination was a motivating factor or the but-for cause of his termination. *See Reed*, 701 F.3d at 440 (under the ADEA, "a plaintiff must prove that age was the 'but for' cause of the adverse employment action, while the TCHRA requires only that the plaintiff show that age was a "motivating factor" in the employer's decision.).

Orozco argues that the investigation of his alleged sexual harassment was a pretext to terminate him based on his age. (Docket Entry No. 28 at 16). But Orozco points to no evidence beyond conclusory statements in his own deposition. (*Id.* at 14–17). He has not raised a factual dispute material to age discrimination under either the ADEA or the TCHRA. Summary judgment for Infosys is granted on those claims.

## IV.     Conclusion

Infosys's motion for summary judgment, (Docket Entry No. 27), is granted. Final judgment is entered by separate order. Each party is to bear its own costs.

SIGNED on March 11, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge